UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KENNETH S. FERGUSON,

    Plaintiff,

    v.

JOSEPH BIDDLE and CHRIS BUTCHE,

    Defendants.

Case No. 2:26-CV-0324-GSL-AZ

## **OPINION AND ORDER**

Plaintiff Kenneth S. Ferguson, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis. For the reasons below, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Accordingly, Plaintiff's Complaint, [DE 1], is **DISMISSED without prejudice**.

## **DISCUSSION**

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil

Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

The first prong of an IFP analysis requests the Court to determine whether a case has merit. Plaintiff brings this suit pursuant to the Hate Crimes Act, 18 U.S.C. § 249. [DE 1 at 2].  However, that is a criminal statute for the prosecution of hate crime offenses, and only the U.S. Attorney has prosecutorial authority to bring charges for a violation of federal law.  *Barnes v. Lake Cnty. Jail Tr. Fund*, 2010 WL 427777, at *1 (N.D. Ind. Feb. 1, 2010); 18 U.S.C § 249.

Plaintiff cites no other law in his Complaint.  He alleges that Defendants and "people" are committing "racial hate crimes" against him. [DE 1 at 2].  He does not specify what hate crimes, but instead alleges that one Defendant, Chris Butche, "yanked his arm" causing him to lose 15 pounds and that he "believe[s] through A.I. and cyber hacking[,] [Defendants] were tracking [him], and what [he] buy[s], and eat[s] and were jealous." [*Id.*].

Plaintiff has filed a civil lawsuit against Defendants and has brought it pursuant to a criminal statute.  As stated above, private individuals cannot bring criminal charges against others. And, even construing the factual allegations of the Complaint liberally, they are far too scant for the Court to try and ascertain any appropriate legal claim. Finally, because Plaintiff has failed to

allege a meritorious claim, the Court need not address the second prong of the IFP analysis at this time.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Plaintiff's Complaint, [DE 1], is **DISMISSED without prejudice**. Plaintiff has until **August 21, 2026** to request leave to amend the Complaint.  The Court **CAUTIONS** Plaintiff that failure to do so could result in the automatic closing of this case.

SO ORDERED.

ENTERED: July 21, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

3